IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SHARA H.,

        Plaintiff,
   v.                                           Civil Action No.
                                                       5:17-CV-1343 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

DOLSON LAW OFFICE               STEVEN R. DOLSON, ESQ.
126 North Salina Street
Suite 3B
Syracuse, NY 13202

FOR DEFENDANT:

HON. GRANT C. JAQUITH          MICHELLE L. CHRIST, ESQ.
United States Attorney             Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

    Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on August 14, 2018, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2) The Acting Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_David E. Peebles_
U.S. Magistrate Judge

Dated: August 15, 2018
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHARA H.,
                                              Plaintiff,

-v-                                           5:17-CV-1343

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.
------------------------------------------------------------x
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
August 14, 2018
100 South Clinton Street, Syracuse, New York


For the Plaintiff:

    LAW OFFICES OF STEVEN R. DOLSON
    126 North Salina Street
    Suite 3B
    Syracuse, New York 13202
    BY: **STEVEN R. DOLSON, ESQ.**

For the Defendant:

    SOCIAL SECURITY ADMINISTRATION
    Office of Regional Counsel, Region II
    26 Federal Plaza, Room 3904
    New York, New York 10278
    BY: **MICHELLE L. CHRIST, ESQ.**

*Hannah F. Cavanaugh*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1        (In chambers, counsel present by telephone.)

2            THE COURT:  I have before me a request for judicial
3   review of an adverse determination by the Acting Commissioner
4   pursuant to 42, United States Code, Sections 405(g) and
5   1383(c)(3).

6            The background is as follows:  Plaintiff was born in
7   May of 1970 and is currently 48 years old.  She was 46 years old
8   at the time of the hearing and 42 years of age at the alleged
9   onset of her disability.  The plaintiff stands 5'6" in height
10  and weighs approximately 186 pounds.  She's right-hand dominant,
11  lives alone in an apartment.  She has no driver's license.  It
12  was apparently suspended as result of a driving while
13  intoxicated or driving while ability impaired conviction.

14           Physically, the plaintiff has bilateral ankle issues
15  that began in 2003, although there's some indication that she
16  fractured an ankle back in 1998.  In March of 2014, she had
17  reconstructive surgery on her right ankle, screws and a plate
18  were installed.  It was characterized as a block allograft
19  reconstruction of the right talus with medial malleolar
20  osteotomy.  That's page 296 and 305 of the Administrative
21  Transcript.  There was an issue with the hardware and at -- in
22  April of 2015, there was some surgery, and in October of 2014,
23  there was some surgery to replace some hardware.  That's at 215
24  and at 776.  Plaintiff underwent surgery on her left ankle in
25  August of 2016.  That's at page 394.  Her condition has been

1  diagnosed as osteochondrosis bilaterally.  That's at 305.  She

2  also suffered from fibromyalgia, osteoarthritis in her neck,

3  headaches, shoulder pain, back pain, plantar fasciitis, and

4  bursitis of her left foot.  She does not currently use any

5  assistive devices.  She is planning, however, to secure an ankle

6  brace.

7           Plaintiff is currently taking online college courses.

8  In the past, she has worked in various capacities.  From March

9  of 2010 to August of 2013, she worked for CNY Medical Products

10 doing data entry and billing.  Her position was eliminated.

11 That's at page 485.  She did data entry from August 2007 to

12 October 2009.  She was an adult home care coordinator from

13 July 2005 to July 2007, and was a housekeeper from November 2015

14 until she underwent her left ankle surgery in August of 2016.

15          Her daily activities include spending time with her

16 grandchildren, doing laundry, dishes, preparing meals, watching

17 television.  She takes public transportation.  She shops and can

18 take care of her hygiene.  That's at page 47, 347, 351 to 352,

19 and 307.

20          In terms of background, plaintiff applied for Title

21 II disability benefits on July 31, 2014, and Title XVI Social

22 Security supplemental security income payments on November -- on

23 September 8, 2014.  Both applications allege a disability onset

24 date of February 1, 2013.  The hearing was conducted on

25 October 13, 2016, by Administrative Law Judge Gregory Hamel, who

issued a decision on November 3, 2016, concluding that plaintiff was not disabled at the relevant times and, therefore, not entitled to the benefits sought. That became a final determination of the agency on November 9, 2017, when the Social Security Administration Appeals Council refused to review that determination.

In terms of his decision, ALJ Hamel applied the familiar five-step sequential test for determining disability.

Step one concluded that plaintiff had engaged in substantial gainful activity during a portion of the relevant time period. The -- as it was pointed out, the Administrative Law Judge erred in his decision that substantial gainful activity apparently occurred between November 2015, not 2014 as stated in the opinion, and August 2016. That did not alter, however, the result and did not -- it was a harmless error at best.

At step two, the Administrative Law Judge concluded that the plaintiff suffers from severe impairments, including cervical and lumbar degenerative disc disease, osteochondrosis, and right ankle reconstruction (s/p)(allograft and hardware removal), left plantar fasciitis, fibromatosis (s/p surgery), and fibromyalgia.

At step three, the Administrative Law Judge concluded that plaintiff's conditions did not meet or medically equal any of the listed presumptively disabling conditions set forth in

the Commissioner's regulations, specifically considering listings 1.02, 1.03, and 1.04.  The ALJ next concluded that plaintiff retains the residual functional capacity to perform sedentary work, with the exception she can only occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, cannot climb ladders or similar devices or work in hazardous environments such as at heights or around dangerous machinery.

Applying that RFC, and after considering the competing medical evidence, the Administrative Law Judge concluded that plaintiff is capable of performing her past relevant work as a data entry clerk and, therefore, was not disabled at the relevant times.  The ALJ also concluded that plaintiff is capable of performing as a personal care aide, a data entry clerk, and as a housekeeper.  Those are her past relevant work.

The ALJ was then -- did not proceed to step five of the sequential determination where the burden of proof would have shifted to the Commissioner.

As you know, my task is limited to determining whether substantial evidence supports the finding of the Administrative Law Judge and correct legal principles were applied.  It is an extremely deferential standard.

First, the relevant period, of course, is February 1, 2013, to November of 2015, and August of 2016 to November of 2016, the date of the ALJ's decision.  First, turning to

1  listings 1.02 and 1.03, I note that it was, at that step,

2  plaintiff's burden to establish that she met each of the

3  requirements of the listings.  The focus of the Administrative

4  Law Judge's decision at page 24 concerning listings 1.02 and

5  1.03 was his finding that the record lacks evidence that

6  plaintiff is unable to ambulate effectively.  That is defined in

7  1.00(B)(2)(b) of the listings.

8           The listings provide as follows, to ambulate

9  effectively, individuals must be capable of sustaining a

10 reasonable walking pace over a sufficient distance to be able to

11 carry out activities of daily living.  They must have the

12 ability to travel without companion assistance to and from a

13 place of employment or school.  Therefore, examples of

14 ineffective ambulation include, but are not limited to, the

15 inability to walk without the use of a walker, two crutches or

16 two canes, the inability to walk a block at a reasonable pace on

17 rough or uneven surfaces, the inability to use standard public

18 transportation, the inability to carry out routine ambulatory

19 activities, such as shopping and banking, and the inability to

20 climb a few steps at a reasonable pace with the use of a single

21 handrail.  The ability to walk independently about one's home

22 without the use of an assistive device does not, in and of

23 itself, constitute effective ambulation.

24          The record indicates plaintiff testified, for

25 example, that she is able to climb stairs with the use of a

1  handrail.  She uses public transportation.  As the ALJ noted,
2  she is able to carry out effectively her daily activities, she
3  goes shopping, she lives alone.  And although in an ideal world
4  it would be wonderful if Administrative Law Judges would provide
5  a more complete and robust -- to use Mr. Dolson's words --
6  explanation of why the listings are not met, in this case, I
7  believe at page 24 the explanation is sufficient to perform --
8  to allow the Court to perform its responsibility of judicial
9  review and to adequately glean the Administrative Law Judge's
10 rationale.  I note that the -- Dr. Wilson did indicate the use
11 of a Ritchie brace to assist plaintiff to ambulate, that's at
12 269, but it was noted, also, that -- at 269 that plaintiff took
13 a trip to New York City, and at 281, that she stopped physical
14 therapy.
15          Turning to the second argument, the duty to fill
16 gaps, it is true that little weight was given to Dr. Kim's
17 medical source statement and Dr. Weiskoff's, but there's --
18 there was no gap created as a result of that.  And there are
19 clearly some Second Circuit decisions that appear, at first
20 blush, to be in conflict on this issue.  But most recently, for
21 example, the Second Circuit noted in *Ritchie Smith v. Berryhill,*
22 at 2018 WL 3202766, that the rejection of an uncontradicted
23 medical source statement is okay if it is internally
24 inconsistent or otherwise uninformative.
25          And the -- I guess, the -- I've looked at *Gavazzi v.*

1  *Berryhill*, which is an often-cited case, 687 F. App'x 98, *Monroe*
2  *v. Commissioner of Social Security*, 676 F. App'x 5, and the only
3  thing I can say is the -- what I glean from those opinions is
4  that the -- an ALJ is not permitted to make a medical judgment
5  from treating -- treatment notes, X-rays, and that type of
6  medical evidence, but can make common sense judgments concerning
7  abilities drawn from, for example, plaintiff's statement
8  concerning daily activities and the like, objective evidence
9  that is not medical in nature.
10             In this case, the -- there was an indication that
11 plaintiff worked as a full-time housekeeper from November 2015
12 to August 2016.  The plaintiff -- the ALJ was able to take this
13 into consideration.  And she left her prior job, not because of
14 her inability to work, but because the position was eliminated.
15 The Administrative Law Judge made a proper two-step credibility
16 analysis.  It was the Administrative Law Judge's duty in the end
17 to weigh competing medical evidence and it was the plaintiff's
18 burden, again, to show that she cannot perform her past relevant
19 work.  That burden was not carried.
20             So in conclusion, I will grant judgment on the
21 pleadings to the defendant and affirm the Commissioner's
22 determination.
23             Again, thank you both for excellent presentations.
24 Have a good afternoon.
25             MR. DOLSON:  Thank you, Judge.

1		MS. CHRIST:  Thank you.  Have a good afternoon.
2	(Time noted:  10:32 a.m.)

```
 1
 2              CERTIFICATE OF OFFICIAL REPORTER
 3
 4
 5       I, HANNAH F. CAVANAUGH, Official Court Reporter, in and
 6  for the United States District Court for the Northern District
 7  of New York, DO HEREBY CERTIFY that pursuant to Section 753,
 8  Title 28, United States Code, that the foregoing is a true and
 9  correct transcript of the stenographically reported proceedings
10  held in the above-entitled matter and that the transcript page
11  format is in conformance with the regulations of the Judicial
12  Conference of the United States.
13
14            Dated this 14th day of August, 2018.
15
16                      /S/ HANNAH F. CAVANAUGH_____
17                      HANNAH F. CAVANAUGH
18                      Official U.S. Court Reporter
19
20
21
22
23
24
25
```